1   Hank Bates (State Bar No. 167688)
    hbates@cbplaw.com
2   Allen Carney
    acarney@cbplaw.com
3   CARNEY BATES & PULLIAM, PLLC
    519 West 7th Street
4   Little Rock, AR 72201
    Telephone:  501.312.8500
5   Facsimile:  501.312.8505

6   *Attorneys for Plaintiffs and the Class*

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11  TESS VILLEGAS and GINA
    MATTHEWS, on behalf of themselves         Case No. _____
12  and all others similarly situated,

13                      Plaintiffs,

14  v.                                         **CLASS ACTION COMPLAINT**

15  RODAN + FIELDS, LLC,

16                      Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.       This is a civil action seeking monetary damages, restitution and injunctive relief from Defendant Rodan + Fields, LLC ("Rodan + Fields," "Company" or "Defendant") alleging violations of California's Automatic Purchase Renewal Law ("APRL"), Cal. Bus. & Prof. Code §§ 17600, *et seq.*; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*  Plaintiffs' claims arise from Rodan + Fields's unfair, unlawful, and fraudulent practice of not disclosing, in a clear and conspicuous manner, the existence of an automatic renewal program and/or continuous service program in the "PC Perks" program it offers to the general public.

2.       In 2009, 29% of American consumers reported that they had been the victim of unauthorized recurring charges as a result of deceptively marketed automatic-renewal programs.[1] In a letter written on behalf of the Attorneys General of fourteen states, the following aspects of automatic renewal programs were highlighted as particularly troublesome: (1) consumers' lack of awareness as to the existence of ongoing periodic charges to their credit card or bank account; (2) the piling up of charges over long periods of time, amounting to substantial amounts of money, even where consumers make little or no use of the goods or services offered; and (3) the difficulty faced by consumers in contacting the seller of the goods or services in order to opt out of an automatic renewal program.[2]

3.       To remedy these abuses as well others, the California General Assembly enacted the California Automatic Renewal Purchase Law in 2010. Sections 17600 – 17606 of the Cal. Bus. & Prof. Code came into effect with the intent of ending "the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit

---

[1] *See* http://pressreleases.visa.com/phoenix.zhtml?c=215693&p=irol-newsArticle&ID=1367169
[2] Letter from Elliot Burg, Assistant Attorney General of Vermont, to Donald S. Clark, Secretary of the Federal Trade Commission (Oct. 13, 2009).

consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code § 17600.

4.    Although this law has been in effect for over seven years, Rodan + Fields's PC Perks program fails to comply with the law's requirements. This failure has resulted in consumers unknowingly and unwillingly accepting automatic renewal or continuous service offers.

5.    Rodan + Fields's failure to comply with the law is deliberate, as it preys upon consumers by using vague and, therefore, noncompliant language to describe its PC Perks program. The Company promotes the membership program as an opportunity to obtain its products at a discounted rate in exchange for a one-time fee of $19.95. Instead, PC Perks is a thinly-disguised automatic renewal and/or continuous service program, costing consumers up to hundreds of dollars every 60 days for products, regardless of whether they are wanted.

6.    For these reasons, Plaintiffs seek to hold Rodan + Fields accountable for its wrongful conduct.

## JURISDICTION AND VENUE

7.    The Court has subject matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendants. *See* 28 U.S.C. § 1332(d)(2)(A).  This Court has personal jurisdiction over Defendant because, among other things, Defendant has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California. At all relevant times, Defendant was headquartered in San Francisco, California and regularly and systematically transacted business within the State of California.

8.    Venue is proper in this District under 28 U.S.C. § 1391(b)(3) because the Court

has personal jurisdiction over Defendant, Defendant is headquartered in this venue, a substantial portion of the alleged wrongdoing occurred in this District and California, and Defendant has sufficient contacts with this District and California.

9.      Venue is also proper in this district pursuant to Defendant's Terms and Conditions which states that the parties "agree to submit to the exclusive jurisdiction of any State or Federal court located in the County of San Francisco, California, United States of America, and waive any jurisdictional, venue or inconvenient forum objections to such courts."  Exhibit 1.

10.     California law governs the substantive legal issues in this matter.  Defendant's Terms and Conditions provide that the terms challenged in this action are governed by California law.  Exhibit 1 ("These Terms are governed by and construed in accordance with the laws of the State of California, United States of America, without regards to its principles of conflicts of law.").  In accordance with this choice of law provision, Defendant has stipulated that California common law and statutory law apply to all claims in this action. Moreover, because Rodan + Fields is a California limited liability company and headquartered in California and all of its key decisions and operations emanate from California, California law applies to the claims in this matter.

**PARTIES**

11.     Plaintiff Tess Villegas is a resident of Santa Clara County, California.  In January 2017, she enrolled in the PC Perks program.

12.     Plaintiff Gina Matthews is a resident of Lafayette County, Mississippi.  She was enrolled in the PC Perks program from on or about August 20, 2013 until on or about August 29, 2016.

13.     Defendant Rodan + Fields, LLC is a California limited liability company that is headquartered at 60 Spear Street, Suite 600, San Francisco, California 94105.

CLASS ACTION COMPLAINT

**FACTUAL ALLEGATIONS**

14.     Rodan + Fields sells skincare products.[3] The Company bills itself as "the #2 Premium Skin Care Brand in the US... and the #1 fastest growing skincare brand in the US."[4] In 2015, Rodan + Fields reported total revenue of $626.9 million.[5]

15.     To distribute its products, Rodan + Fields relies on a network of individual sales representatives (called "Independent Consultants") rather than brick-and-mortar stores. The Company employs over 150,000 Independent Consultants.[6]

16.     These Independent Consultants are tasked with selling Rodan + Fields's products to individual customers.

**A.     Rodan + Fields's PC Perks Program**

17.     Rodan + Fields offers consumers the opportunity to purchase discounted products by becoming a Preferred Customer.[7] The Company describes the benefits of being a Preferred Customer as follows:

> Preferred Customer pricing is a set price that is at least 10% off our listed retail price. As a Preferred Customer you get this discounted pricing any time you shop with Rodan + Fields.

18.     As of April 2016, Rodan + Fields has approximately 700,000 Preferred Customers.[8]

19.     To become a Preferred Customer, one enrolls in the PC Perks program. A consumer can enroll either by going to Rodan + Fields's website directly, or else the customer can enroll through an Individual Consultant.

---

[3] https://www.rodanandfields.com/Pages/Business-Results-Press-Release-4-11-16
[4] *Id.*
[5] *Id.*
[6] https://www.forbes.com/sites/nicoleleinbachreyhle/2016/04/25/rodan-fields-rising-success/2/#560e18049ffa
[7] https://www.rodanandfields.com/Pages/Products/FAQ#2
[8] https://www.forbes.com/sites/nicoleleinbachreyhle/2016/04/25/rodan-fields-rising-success/2/#560e18049ffa

CLASS ACTION COMPLAINT

1

### 1.    Online Enrollment

2

20.    When consumers enroll the Rodan + Fields's website, they are presented with the

3

4

5

6

7

8

9

10

11

12

13

14



15    following image upon accessing the designated webpage[9]:

16    21.    The webpage touts the advantages of the PC Perks program. Consumers are

17    informed that in exchange for "a one-time $19.95 enrollment fee," the membership entitles them

18    to receive "Free shipping on subscription orders[;] Up to 10-percent savings on all R+F

19    products[;] Early access to new R+F products and exclusive promotions[;] [and] Priority

20    customer service." Consumers are also informed that cancelation is simple: "No commitment—

21    cancel at anytime." Although consumers are informed that membership entitles them to receive

22    "[c]onvenient, automatic delivery of subscription orders every 60 days," the webpage does not

23    disclose that the consumer's credit or debit card will be charged automatically for such orders.

24    22.    To complete the enrollment process, a consumer must click the "ENROLL NOW"

25    link on the above webpage. The consumer is then directed to create a personal profile and enter

26

27    _____

28    [9] https://www.rodanandfields.com/Pages/Products/PCPerks (image captured on Mar. 20, 2017). A copy of this webpage has been attached to this Complaint as Exhibit 4.

CLASS ACTION COMPLAINT

the ID number of an Independent Consultant.  After doing so, a consumer is presented with the

PC Perks program's Terms and Conditions ("Terms"):[10]



The complete Terms are included as Exhibit 2.  As described in Paragraphs 9 and 10, the

Terms and Conditions of www.rodanandfields.com are included as Exhibit 1.

23.     Consumers are required as a condition of becoming a Preferred Customer to

affirmatively accept the Terms and the terms and conditions of www.rodanandfields.com through

a "clickwrap" agreement.

24.     The Terms state that upon becoming a Preferred Customer, a consumer must make

an initial order of a minimum of $80.00.[11] Within two months of the initial order date, the

consumer receives a "second replenishment order" and is billed for it.[12] The Terms do not

disclose that a consumer will automatically receive, and be automatically be billed for, further

---

[10] https://www.rodanandfields.com/Enrollment/Preferred/TermsConditions.aspx (image captured on Mar. 20, 2017).

[11] *Id.*

[12] *Id.*

CLASS ACTION COMPLAINT

replenishment orders after the second order.  To cancel his or her PC Perks program membership, the Terms state that a consumer may cancel his or her account online "at least five business days prior to scheduled shipment of your auto-replenishment order."

25.     None of this language is compliant with California's Automatic Purchase Renewal Law, the requirements of which will be discussed in further detail *infra*.

### 2. Enrollment Through an Individual Consultant: The PC Perks Enrollment Form

26.     One way a consumer can join the PC Perks program through an Independent Consultant is by filling out the PC Perks Enrollment Form ("the Form").  The Form is a two-page document, the first page of which is reproduced below (a full copy of the Form is attached as Exhibit 3):



27.     The Form touts the advantages of the PC Perks program. Consumers are informed that membership offers "Insider information, special pricing, superior service... Preferred Customers have perks." The advantages are described as "10% off* all Rodan + Fields products, all the time[;] Free shipping on regularly scheduled orders[;] Enhanced Customer Service

CLASS ACTION COMPLAINT

including our exclusive PC Perks hotline[; and] Exclusive Preferred Customer promotions."

Finally, although the Form touts "the convenience of timely automatic delivery" after "your first

purchase of $80.00 or more," the Form does not disclose that a consumer will automatically

receive, and be automatically be billed for, further replenishment orders after the initial order for

an indefinite period.

28.     The second page of the Form consists of the PC Perks Terms and Conditions, and

is identical to the Terms presented on the webpage.  *Compare* Exhibits 2 and 3.

### 3.     Enrollment Through an Independent Consultant With No Disclosures

29.     Upon information and belief, many Independent Consultants enroll customers in

the PC Perks program without providing *any* disclosures or terms of service.  Instead, the

Independent Consultant gathers the customer's information (name, address, email, phone number,

and payment card information) and uses those data to enroll the customer in PC Perks without the

customer filling out a Form or establishing an online account.  In such instances, the customer

receives no disclosure.  As discussed in Section C, *infra*, this was the experience of both

Plaintiffs.

### B.     The Terms of Rodan + Fields's PC Perks Program Violates California's Automatic Purchase Renewal Law

30.     Regardless of the manner in which a consumer signs up for the PC Perks

program—be it through the Company's website, by filling out an Enrollment Form, or giving

personal information to an Independent Consultant—the program violates California's Automatic

Purchase Renewal Law.

31.     In extending consumers an offer for "a plan or arrangement in which a paid

subscription or purchasing agreement is automatically renewed at the end of a definite term of a

subsequent term," Rodan + Fields's PC Perks program contains an automatic renewal offer. *See*

Cal. Bus. & Prof. Code § 17601(a).

32.     Alternatively, in extending consumers an offer for a "plan or arrangement in which a subscription or purchasing agreement continues until the consumer cancels the service," Rodan + Fields's PC Perks program contains a continuous service offer. *See* Cal. Bus. & Prof. Code § 17601(e).

33.     Accordingly, the terms of Rodan + Fields's PC Perks program are governed by, and must comply with, California's Automatic Purchase Renewal Law ("APRL").

34.     The APRL provides explicit criteria that businesses must comply with in extending an automatic renewal or continuous service offer to consumers.

35.     First, a business making an automatic renewal or continuous service offer must present the terms in a "clear and conspicuous manner." § 17602(a)(1). The terms must include:

> (1) That the subscription or purchasing agreement will continue until the consumer cancels[;] (2) The description of the cancellation policy that applies to the offer[;] (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known[;] (4) The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer[;] (5) The minimum purchase obligation, if any.

§ 17601(b).

36.     The APRL defines "clear and conspicuous" as meaning "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." § 17601(c).

37.     Second, a business cannot "charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms." § 17602(a)(2).

CLASS ACTION COMPLAINT

38.     Third, a business must "provide an acknowledgment that included the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner capable of being retained by the consumer." § 17602(a)(2).

39.     Fourth, a business must provide consumers with "a toll-free telephone number, electronic mail address, postal address..., or another cost-effective, timely, and easy-to-use mechanism for cancellation" in an acknowledgement capable of being retained by the consumer. §§ 17602(b) and 17602(a)(3).

40.     The Terms—set forth in Exhibits 2 and 3—which purportedly describe the automatic renewal or continuous service offer, fail to meet these governing requirements.

41.     **First**, the Terms do not present the offer's terms in a clear and conspicuous manner.  Notably, the relevant portions of the terms are not "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language" as § 17601(c) requires.  The relevant portions are not highlighted, or set off from or contrasted *in any manner* from the remainder of the terms.  In addition, the term "bi-monthly auto-replenishment program" is used throughout in lieu of the terms "automatic renewal" or "continuous service offer."

42.     **Second**, the Terms fail to provide detailed information regarding the indefinite length of the program, which is required under § 17601(b).  Indeed, the Terms make no reference to the "replenishment program" extending beyond a "second replenishment order."[13]

43.     **Third**, Rodan + Fields fails to provide consumers with the acknowledgment

---

[13] Nor do Rodan + Fields's webpages for enrolling consumers into the PC Perks program disclose the terms of the automatic renewal or continuous service offer in a clear and conspicuous manner. As with the Terms, the phrase "bi-monthly auto-replenishment program" is used throughout in lieu of the phrase "automatic renewal" or "continuous service offer." Moreover, the font is the same throughout and at no point draws the reader's attention to the automatic renewal or continuous service offer's terms. *See* ¶ 20; Exhibit 4.

CLASS ACTION COMPLAINT

required under §§ 17602(b) and 17602(a)(3). The Terms, alone, do not satisfy the required acknowledgement or notice.  Besides failing to present the offer's terms in a clear and conspicuous manner, they fail to provide "a toll-free telephone number, electronic mail address, postal address..., or another cost-effective, timely, and easy-to-use mechanism for cancellation." Instead, the document informs the consumer that he or she must log into a PC Perks account and cancel the account at least five days before the next scheduled shipment of products.

44.     *Fourth*, because neither the Terms nor Rodan + Fields's webpages disclose the automatic renewal or continuous service offer terms in a clear and conspicuous manner, Rodan + Fields have charged consumers' credit or debit cards without first obtaining their affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms as California law explicitly requires.

45.     As detailed above, *all* of Rodan + Fields's disclosures violate the APRL (and it is self-evident that when customers receive *no* disclosures, the APRL is violated).  Accordingly, all PC Perks customers have cognizable APRL claims, regardless of the mechanism (identified in Sections A.1 – A.3, *supra*) they used to enroll in the program.

**C.     Plaintiffs' Injuries Resulting From The PC Perks Program**

       **1.     Plaintiff Tess Villegas**

46.     On or around January 2017, Plaintiff Villegas enrolled in the PC Perks program through an Independent Consultant. The enrollment process took place entirely over the telephone.

47.     As she was enrolling Plaintiff Villegas into the PC Perks program, the Independent Consultant did not present any disclosures to Plaintiff Villegas, much less clear and conspicuous disclosures of the automatic-renewal program's terms, as required by the APRL. The Independent Consultant also did not provide Plaintiff Villegas with an acknowledgement containing the

program's terms and information about cancellation.

48.     On or around February 2017, and under the auspices of the PC Perks program, Rodan + Fields subsequently charged Plaintiff Villegas's bank account the "replenishment" amount of approximately $276.17, without first obtaining her affirmative consent. On or around March 2017, and under the auspices of the PC Perks program, Rodan + Fields subsequently charged Plaintiff Villegas's bank account the "replenishment" amount of approximately $254.47, without first obtaining her affirmative consent.

49.     Plaintiff Villegas attempted to cancel her PC Perks membership after being billed—without consent—for approximately $530.64 worth of products. However, the Independent Consultant, who has sole control over Plaintiff Villegas' online account, refused to allow her to cancel. Instead, she told Plaintiff Villegas that she would keep her enrolled as a Preferred Customer so that she could continue to obtain discounts on products.

50.     To avoid future automatic shipments of products, Plaintiff Villegas contacted Rodan + Fields via email and telephone to cancel her membership, but to no avail. The Company informed her via email that she could only cancel through the Independent Consultant responsible for her account. Plaintiff Villegas ultimately resorted to canceling her bank card to avoid future charges.

51.     As a result of Rodan + Fields's violations of the APRL, all products delivered to Plaintiff Villegas under the PC Perks program constitute unconditional gifts under § 17603. Rodan + Fields nevertheless collected money from Plaintiff Villegas that it was not owed by charging her card.

52.     Plaintiff Villegas lost money as a result of Rodan + Fields's actions, and therefore has suffered injury-in-fact.

**2.      Plaintiff Gina Matthews**

CLASS ACTION COMPLAINT

53.     From approximately August 20, 2013 to August 29, 2016, Plaintiff Matthews was enrolled in the PC Perks program.  Like Plaintiff Villegas, Plaintiff Matthews signed up over the telephone through an Independent Consultant.

54.     As she was enrolling Plaintiff Matthews into the PC Perks program, the Independent Consultant did not present any disclosures to Plaintiff Matthews, much less clear and conspicuous disclosures of the automatic-renewal program's terms, as required by the APRL. The Independent Consultant also did not provide Plaintiff Matthews with an acknowledgement containing the program's terms and information about cancellation procedures.

55.     During the period in which she was enrolled in the PC Perks program, Plaintiff Matthews' card was billed repeatedly for Rodan + Fields's products. Plaintiff Matthews never affirmatively consented to these recurring charges.

56.     Because Plaintiff Matthews has a personal relationship with the Independent Consultant, she did not cancel her account to avoid damaging this relationship. Instead, the recurring charges only stopped once Plaintiff Matthews' card was stolen and subsequently canceled.

57.     As a result of these violations, all products delivered to Plaintiff Matthews pursuant to the PC Perks program constitute unconditional gifts under § 17603. Rodan + Fields nevertheless collected money from Plaintiff Matthews that it was not owed by charging her card.

58.     Plaintiff Matthews lost money as a result of Rodan + Fields's actions, and therefore, has suffered injury-in-fact.

## CLASS ALLEGATIONS

59.     Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated as following:

> All natural persons in the United States who enrolled in the PC Perks program and incurred one or more "replenishment" charges.

CLASS ACTION COMPLAINT

1

2   Excluded from the Class are: (a) Defendant's officers, directors and employees, including

3   Independent Consultants; (b) all judges who preside over this case and their immediate family

4   members; and (c) all counsel for Plaintiffs.

5       60.    Plaintiffs reserve the right to amend the above-articulated Class Definition before

6   the Court determines whether certification is appropriate.

7       61.    This action readily satisfies the requirements set forth under Federal Rules of Civil

8   Procedure 23(a), 23(b)(2), and 23(b)(3).

9

10      62.    The Class members are so numerous that joinder of all members is impracticable,

11  and the disposition of their claims in a class action will benefit the parties and the Court. At this

12  time, Plaintiffs do not know the exact size of the Class.  Based on information and belief, the

13  Class is comprised of hundreds of thousands of members, so as to render joinder of all Class

14  Members impracticable. Defendant, however, has this information readily available, as Defendant

15  has a record of every Class member due to their enrollment in PC Perks program. If necessary,

16  notice of this action may be affected to the proposed class through publication, and for virtually

17  all Class members, direct notice may be achieved through contact information from customer

18  lists, which, on information and belief, are maintained by Defendant.

19

20      63.    Common questions of law and fact predominate over individual issues. There is a

21  well-defined community of interest in the questions of law and fact affecting members of the

22  Class. The questions of law and fact common to the Class predominate over questions affecting

23  only individual Class members, and include, but are not limited to, the following:

24

25          a.      Whether Defendant's PC Perks program constitutes an automatic renewal

26                  and/or continuous service plan or arrangement for the purposes of Cal. Bus.

27                  & Prof. Code § 17601;

28          b.      Whether the information presented to Plaintiffs and Class members by

CLASS ACTION COMPLAINT

Defendant prior to their signing up for the PC Perks program contained all disclosures required by Cal. Bus. & Prof. Code § 17601(b);

    c.    Whether the information regarding the PC Perks program, contained in Defendant's disclosures, was provided in a "clear and conspicuous manner" as defined by Cal. Bus. & Prof. Code § 17601(c);

    d.    Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer, in violation of Cal. Bus. & Prof. Code § 17602(a)(l);

    e.    Whether Defendant charged Plaintiffs and Class members for an automatic renewal or continuous service without first obtaining the Plaintiffs' and Class members' affirmative consent, in violation of Cal. Bus. & Prof. Code § 17602(a)(2);

    f.    Whether Defendant failed to provide Plaintiffs and Class members with an acknowledgment that included its automatic renewal or continuous service offer in a manner capable of being retained and/or failed to disclose in the acknowledgment how to cancel PC Perks, or disclose that Plaintiffs and Class members could cancel before payment, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

    g.    Whether Defendant's conduct complained of herein is unlawful, pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

    h.    Whether Defendant's conduct complained of herein is unfair, pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

        CLASS ACTION COMPLAINT

i.       Whether Defendant's conduct complained of herein is fraudulent, pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

g.       Whether Plaintiffs and Class members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

h.       Whether Plaintiffs and Class members are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17203;

j.       Whether Plaintiffs and Class members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

64.      Plaintiffs' claims are typical of the claims of Class members. Plaintiffs and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein.  Plaintiffs, like all Class members, were enrolled in the PC Perks program without receiving proper disclosures as to the true nature of the program or their rights under the law as enrollees.  Additionally, Plaintiffs, like all members of the Class, subsequently were charged for at least one "replenishment," by Defendant, without Defendant first obtaining their consent in a manner required by law.

65.      Plaintiffs are adequate representatives of the Class because they fit within the Class Definition, and their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs will prosecute this action vigorously for the benefit of the entire Class. Plaintiffs are represented by experienced and able attorneys. Plaintiffs and class counsel can and will fairly and adequately protect the interests of all the members of the Class.

66.      A class action is the superior method for the fair and just adjudication of this controversy. The expense and burden of individual suits makes it impossible and impracticable for members of the proposed Class to prosecute their claims individuals.

67.      The trial and litigation of Plaintiffs' and the proposed Class's claims are

CLASS ACTION COMPLAINT

manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the Court system.

68.     Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole.  The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

69.     Unless a permanent injunction is issued, Defendant will continue to commit the violations alleged herein, and the members of the proposed Class and the general public will continue to be misled and to be harmed, accordingly.

### CAUSES OF ACTION

### COUNT I

**Violations of California's Automatic Purchase Renewal Law**
Cal. *Bus. & Prof. Code §§ 17600, et seq.*

70.     Plaintiffs repeat and re-allege the allegations set forth above and incorporate the same as if set forth herein.

71.     Rodan + Fields's PC Perks program is an "automatic renewal" program or "continuous service" program within the meaning of §17601(a), (e) of the APRL

72.     Plaintiffs and Class Members are "consumers" within the meaning of the APRL.

73.     ***First Violation.*** Defendant's Terms for the PC Perks program do not disclose, in a clear and conspicuous manner, the terms of the automatic renewal program or continuous service offer in visual proximity to the request for consent, violating §§ 17601(c) and 17602(a)(1).

74.     ***Second Violation.*** Defendant failed to disclose the terms of the automatic renewal program and/or continuous service offer in a clear and conspicuous manner when consumers signed up for the PC Perks program, either (1) on Rodan + Fields's website, (2) on the PC Perks

CLASS ACTION COMPLAINT

enrollment form, or (3) when providing personal and payment information to Independent Consultants.  None of the terms were presented, if at all, "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language" and/or were not provided, if at all, in visual proximity to the request for consent to the offer, violating §§ 17601(c) and 17602(a)(1).

75.     ***Third Violation.*** Following consumers' enrollment in the PC Perks program, Defendant failed to provide Plaintiffs or Class members an acknowledgment that included the terms of the automatic renewal offer and/or continuous service offer, cancellation policy, and information regarding how to cancel in a manner capable of being retained by the consumer, violating § 17602(a)(3).

76.     ***Fourth Violation.*** Defendant failed to provide Plaintiffs or Class members with a toll-free telephone number, electronic mail address, postal address, or other cost-effective, timely, and easy-to-use mechanism for cancellation in an acknowledgement capable of being retained by the consumer, violating § 17602(b).

77.     ***Fifth Violation.*** Defendant charged the credit or debit cards or the accounts of Plaintiffs and Class Members for an automatic renewal and/or continuous service without first obtaining affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, violating § 17602(a)(2).

78.     These violations occurred uniformly as to Plaintiffs and all Class Members.

79.     As a result of Defendant's violations of Cal. Bus. & Prof. Code §§ 17600, *et seq.*, all products delivered to Plaintiffs and Class Members pursuant to the PC Perks program constitute unconditional gifts under § 17603 that they are entitled to keep and for which they have no obligation to pay. Accordingly, Plaintiffs and Class Members are entitled to restitution of all

monies collected by Defendant for the unconditional gifts.

## COUNT II

### Violations of California's Unfair Competition Law
Cal. *Bus. & Prof. Code* §§ *17200, et seq.*

80.     Plaintiffs repeat and re-allege the allegations set forth above and incorporate the same as if set forth herein.

81.     As described in Count I, Defendant's marketing and sale of its PC Perks program violates the APRL, which constitutes an unlawful business practice.

82.      Similarly, Defendant's misrepresentations and omissions—including but not limited to the confusing and buried language in its Terms, its failure to provide a legally sufficient acknowledgement, and its unduly onerous cancellation procedures—amount to unfair business practices, in further violation of § 17200.

83.     Section 17200 also prohibits any "fraudulent business act or practice." Defendant violated this prong of the UCL by disseminating vague and confusing language in its Terms that have a tendency to mislead the public. Further, Defendant violated this prong of the UCL by omitting material information about the PC Perks Program with the intent to induce reliance by consumers to enroll into the program. Defendant's claims, nondisclosures, and misleading statements concerning the PC Perks Program, as more fully set forth above, were false, misleading, and/or likely to deceive the consuming public within the meaning of California Business and Professions Code § 17200.

84.     Plaintiffs and the Class suffered a loss of money and/or property as a result of Defendant's unlawful, unfair, and/or fraudulent acts. All products delivered to Plaintiffs and Class Members pursuant to the PC Perks program in violation of the APRL constitute unconditional gifts under § 17603 of the APRL that they are entitled to keep and for which they have no obligation to pay. Accordingly, Plaintiffs and Class Members are entitled to restitution of all

CLASS ACTION COMPLAINT

monies collected by Defendant for the unconditional gifts.

85.     As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent business acts or practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiffs and Class members in the form of payments made through the PC Perks program by Plaintiffs and Class members. Defendant has profited from its unlawful, unfair, and/or fraudulent business acts or practices in the amount of those business expenses and interest accrued thereon.

86.     Plaintiffs and Class members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid under the subscription agreements. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiffs and Class members, from whom they were unlawfully taken.

87.     Plaintiffs and Class members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

88.     Specifically, Plaintiffs seek an injunction, on behalf of themselves and Class members, that Defendant cannot charge Plaintiffs and Class members any amount of fee for auto-renewal under the PC Perks program without first obtaining informed, affirmative consent in a form and manner as approved by this Court.

89.     Plaintiffs have assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of themselves and other similarly-situated Class Members. Plaintiffs' success in this action will enforce important rights affecting the public interest. Plaintiffs will incur a financial burden in pursuing this action in the public interest. An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure § 1021.5.

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all Class Members, request that judgment be entered against Defendant and that the Court grant the following relief:

A.    An order determining that this action may be maintained as a class action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, that Plaintiffs are proper class representatives, that Plaintiffs' attorneys be appointed Class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and that Class notice be promptly issued;

B.    Judgment against Defendant for Plaintiffs' and Class Members' asserted causes of action;

C.    Appropriate declaratory relief against Defendant;

D.    Preliminary and permanent injunctive relief against Defendant;

E.    An award of damages to Plaintiffs and Class Members, and restitution of all monies collected for the unconditional gifts;

F.    An award of reasonable attorney's fees and other litigation costs reasonably incurred pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law; and

G.    Any and all additional relief to which Plaintiffs and Class Members may be entitled.

Dated: May 25, 2017

By: _____/s/ Hank Bates_____

CARNEY BATES & PULLIAM, PLLC
Hank Bates (CA #167688)
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
519 West 7th St.
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505